[*151] *JAMES FAULKNER agt. THE MAYOR AND COMMON COUNCIL OF BROOKLYN.

Where notice of trial is served for a subsequent circuit, *before the close of the circuit at which the cause has been noticed and is on the calendar,* a reservation should

be inserted in the last notice, to the effect that *in case the cause is not tried at the present circuit.*

*April Term,* 1846

MOTION by defendants to set aside inquest, for irregularity.

An inquest was taken in this cause on the 3d March last, at the New-York circuit. Several months previous to the inquest, defendants' attorney served on plaintiff's attorney an affidavit of merits. On the 2d of March last, plaintiff's attorney served on defendants' attorney the usual notice of trial and inquest for the circuit to be thereafter held on the third Monday of March; defendants' attorney, supposing that the effect of the last notice of trial was to countermand the previous one, and that it was to apprize the defendant that the cause would not be tried until the circuit specified in the last notice, did not pay any further attention to it, but if he had not understood the effect of the notice of trial to be a waiver of the right to try under the previous notice, he would have been ready to try the cause, when it was called on the calendar. Defendants' attorney stated that he was informed the circuit judge announced to the bar, towards the close of the circuit at which the inquest was taken, that no causes but short causes (such as might be tried in an hour or thereabouts) would be tried, that by reason of such announcement, a large number of causes when called were marked down, and that by reason thereof alone, this cause was reached at that circuit; that by a standing order of the circuit, a limited number of causes were put on the calendar for each day; that if this rule had been adhered to until the close of the circuit, this cause could not, in all probability, have been reached; he was not aware that the order had been suspended, so as to make a railroad calendar of short causes; this was not a short cause within the meaning of the rule made by circuit judge for the trial of short causes, and believed the circuit judge would not have tried it, if he (defendant's attorney) had been in court when it was called and an inquest taken.

J. M. VAN COTT, *defendants' counsel and attorney.*

M. T. REYNOLDS, *plaintiff's counsel.*

E. L. FANCHER, *plaintiff's attorney.*

BEARDSLEY, Justice. Set aside the inquest and referred the cause, *costs to abide the event*, as it was a new point, and held that it would be well, and indeed ought to be done, in cases where there is a notice of trial served for a subsequent circuit before the close of the circuit at which the cause has already been noticed and put upon the calendar, to [*152] insert in the *notice a reservation, to the effect that *in case the cause is not tried at the present circuit;* such instances would frequently occur, probably, in the city of New-York, where the circuits come near together.